IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON GERMANO-TANAKA,<br><br>Defendant. | CR. NO. 20-00088 JMS<br>CIV. NO. 24-00274 JMS-KJM<br><br>ORDER STAYING SECTION 2255 PROCEEDING |

**ORDER STAYING SECTION 2255 PROCEEDING**

On June 26, 2024, Defendant Brandon Germano-Tanaka ("Defendant") filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 68.[1] Defendant argues in this § 2255 proceeding that because the crime of being a felon in possession of a firearm, "has been found unconstitutional in the 9th Circuit court," *id.* at PageID.313, his conviction under 18 U.S.C. § 922(g) should be vacated and he should be resentenced on his remaining count.[2]

---

[1] References to filings in this Order are to the docket in Cr. No. 20-00088 JMS.

[2] Defendant was sentenced on two counts: (1) possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c); and (2) being a felon in possession of a firearm and ammunition under 18 U.S.C. § 922(g). ECF No. 62 at PageID.288. On December 7, 2023,

(continued. . .)

Defendant is partly correct. *United States v. Duarte*, 101 F.4th 657 (9th Cir. 2024), recently determined that § 922(g) may violate the Second Amendment as applied to particular underlying felonies. It did not hold, as Defendant suggests, that § 922(g) is unconstitutional in all applications. And, on May 14, 2024, the United States filed a petition for rehearing en banc, and Duarte filed a response to that petition on May 30, 2024.

Although no mandate has issued, *Duarte* "constitutes binding authority and must be followed . . . ." *In re Zermeno-Gomez*, 868 F.3d 1048, 1053 (9th Cir. 2017). But, of course, until a mandate issues, "a published decision by a panel of this court is subject to modification, withdrawal, or reversal." *Id*. Thus, reliance on a pre-mandate opinion remains a "gamble." *Carver v. Lehman*, 558 F.3d 869, 878 n.16 (9th Cir. 2009). If the Ninth Circuit grants en banc review, the three-judge opinion no longer carries precedential weight. Fed. R. App. P. 35; 9th Cir. R. 35-3; 9th Cir. General Order 5.5d.

Defendant's motion hinges on *Duarte*. And because a petition for rehearing en banc is pending in the Ninth Circuit, the court determines that it is in the interests of justice to stay the pending § 2255 motion until the Ninth Circuit determines whether to hear the matter en banc.

---

he was sentenced to sixty months as to the § 924(c) charge and 36 months as to the § 922(g) charge, with both counts to run consecutively. *Id*. at PageID.289.

District courts have "broad discretion to stay proceedings as an incident to [their] power to control [their] own docket[s]." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997); *accord Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.

*Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). *See also Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983).

In exercising its judgment, the court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. The Ninth Circuit set out the following framework for analyzing motions to stay pending resolution of related matters:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible

3

> damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

Here, although there is a chance that Defendant could be prejudiced by a stay, it is not in the least clear that Defendant would even prevail under *Duarte*. Defendant assumes, incorrectly, that *Duarte* holds his § 922(g) conviction per se unlawful. But, as stated above, *Duarte* requires a case-by-case as-applied analysis to determine if an underlying felony conviction can serve as a predicate to a § 922(g) charge based on "Founding-era felony analogues." *Duarte*, 101 F.4th at 690. Should the court proceed under *Duarte* now, this case would require a detailed and complicated analysis—requiring significant input from the parties—as to whether Defendant's underlying felonies provide that sufficient analogue.[3]

---

[3] Another complication arises from *Duarte's* "Founding-era felony analogues" test—the *Duarte* formulation may very well now be inconsistent with a potentially broader analogue test set forth in *United States v. Rahimi*, ___ U.S. ___, 2024 WL 3074728 (June 21, 2024). *Rahimi* reasoned that

> the appropriate analysis involves considering whether the challenged regulation is consistent with the principles that underpin our regulatory tradition. A court must ascertain whether the new law is relevantly similar to laws that our tradition is

(continued. . .)

But before proceeding with that complex analysis, it is in the interests of justice to await the Ninth Circuit's decision on the pending *Duarte* petition for rehearing en banc, i.e., whether or not to take *Duarte* en banc (and thus vacate the three-judge panel opinion). Accordingly, the court STAYS Defendant's § 2255 motion pending the Ninth Circuit's decision on the pending petition for rehearing en banc. The United States is DIRECTED to file a notice with this court within one week of when the Ninth Circuit reaches a decision on that petition.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 5, 2024.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. Germano-Tanaka*, Cr. No. 20-00088 JMS and Civ. No. 24-00274 JMS-KJM, Order Staying § 2255 Proceeding

---

understood to permit, apply[ing] faithfully the balance struck by the founding generation to modern circumstances.

2024 WL 3074728, at *6 (internal citations and quotation omitted). *Rahimi* explained that

[S]ome courts have misunderstood the methodology or our recent Second Amendment cases [which] were not meant to suggest a law trapped in amber. . . . [T]he Second Amendment permits more than just those regulations identical to ones that could be found in 1791. Holding otherwise would be as mistaken as applying the protections of the right only to muskets and sabers.

*Id.*